**The below described is SIGNED.**

**Dated: October 21, 2013**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| In re: <br><br> JACOB LYNN GARN and <br> STACIE RAE GARN, <br><br>                       Debtors. | Bankruptcy Case No. 13-21907 <br><br> Chapter 13 |
|---|---|

**MEMORANDUM DECISION**

Jacob and Stacie Garn obtained an appraisal of their home and soon after filed this chapter 13 bankruptcy case. Four months into the case and before confirmation of their chapter 13 plan, the Debtors filed a motion to determine that the second mortgage lien of 21st Mortgage Corporation was wholly unsecured and therefore subject to modification—including plan treatment as a general unsecured claim and stripping of the lien upon issuance of the Debtors' discharge. In its initial response to the motion, 21st Mortgage disagreed with the Debtors' valuation of the home and the amount owed on the first mortgage. But by the time of the evidentiary hearing, what appeared to be shaping up as a classic factual "battle of the appraisers" had morphed into a legal dispute about the proper date on which to determine the home's value.

For the reasons set forth herein based on the Court's review of the papers, evidence, arguments, and applicable case law, the Court determines that the petition date is the appropriate valuation date under these circumstances.[1]

### I. FACTS

The relevant facts in this matter are simple and straightforward, and many of them are contained in the Stipulated Facts admitted into evidence as Exhibit 3. Of particular note, the parties agree that U.S. Bank holds a valid first mortgage on the Debtors' home in Midvale, Utah in the amount of $191,981.68 as of the February 28, 2013 petition date. The Debtors do not dispute the validity or amount of 21st Mortgage's $43,637.98 second mortgage claim as contained in proof of claim #8 filed on March 27. And although each side's appraiser testified at the September 30 evidentiary hearing, 21st Mortgage ultimately conceded that the valuation date alone will determine the outcome of the Debtors' motion to determine the secured status of its lien (Motion). This is because 21st Mortgage's own appraiser, at the request of Debtors' counsel, performed an appraisal within the week before the evidentiary hearing that also determined the property to be underwater as to 21st Mortgage as of the petition date. The Debtors' appraisal with an effective date of February 22 asserted a value of $166,000 (Exhibit 5); 21st Mortgage's appraisal with an effective date of August 8 asserted a value of $225,000 (Exhibit A); and the appraisal performed by 21st Mortgage's appraiser at the request of Debtors' counsel with an effective date of February 21 asserted a value of $187,000 (Exhibit B). Both of the February appraisals are obviously less than the $191,981.68 first mortgage owed to U.S. Bank.

---

[1] This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). Any of the findings of fact herein are also deemed to be conclusions of law and conclusions of law herein are also deemed to be findings of fact and shall be equally binding as both.

2

## II. DISCUSSION

When valuing a secured creditor's interest in real property, § 506(a)(1) of the Bankruptcy Code provides that "[s]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."[2] So although the total amount of a creditor's claim is fixed as of the petition date under § 502(b), § 506(a)(1) contemplates the idea of different valuations of a secured creditor's collateral at different times and for different purposes.[3] As discussed in *In re Hales*, which was cited by 21st Mortgage to support its position that the confirmation date or a date near it should control, "jurisdictions generally choose from four valuation dates [depending on the purpose of the valuation]: (1) the date of confirmation; (2) the date of the petition; (3) the date of the valuation hearing; or (4) the effective date of the plan."[4] And most cases, covering all reorganization chapters and types of collateral, have unsurprisingly decided that the confirmation date is generally the appropriate valuation date when dealing with cramdown valuation for confirmation purposes.[5]

But this Motion is qualitatively different. As substantial case law has recognized, a motion of this type is really raising the prerequisite issue of whether the anti-modification provisions of § 1322(b)(2) are applicable.[6] Unlike *In re Hales*, this is not a two-year-old chapter

---

[2] Since this matter involves real property rather than personal property, § 506(a)(2) does not apply.
[3] *In re Kennedy*, 177 B.R. 967, 972 (Bankr. S.D. Ala. 1995).
[4] *In re Hales*, 493 B.R. 861, 864 (Bankr. D. Utah 2013); *see also In re Wood*, 190 B.R. 788, 790-91 (Bankr. M.D. Pa. 1996) (collecting cases reaching various decisions regarding the appropriate valuation date).
[5] *See, e.g.*, *In re TD Bank, N.A. v. Landry*, 479 B.R. 1, 8 (D. Mass. 2012).
[6] *In re Farthing*, No. 04-52243, 2005 WL 3481508 at *2 (Bankr. E.D. Ky. Jan. 5, 2005) (collecting cases); *In re Marsh*, 929 F.Supp.2d 852 (N.D. Ill. 2013); *TD Bank, N.A. v. Landry*, 479 B.R. 1 (D. Mass. 2012); *In re Hernandez*, 493 B.R. 46, 53 (Bankr. N.D. Ill. 2013); *In re Edwards*, 245 B.R. 917 (Bankr. S.D. Ga. 2000); *In re Cerminaro*, 220 B.R. 518, 525 (Bankr. N.D.N.Y. 1998); *In re Dinsmore*, 141 B.R. 499, 505-06 (Bankr. W.D. Mich. 1992). *See also In re Woolsey*, 696 F.3d 1266, 1278-79 (10th Cir. 2012) (discussing § 1322(b)(2) as a "promising candidate" to support lien stripping in chapter 13 cases since § 506(d) cannot).

11 case involving the cramdown of commercial real estate for purposes of plan confirmation. Rather, in line with the Supreme Court's focus on the "rights of holders of secured claims" in *Nobelman v. American Savings Bank*,[7] what's occurring here under § 506(a)(1) and § 1322(b)(2) is a "threshold determination [of] whether the creditor is a holder of a secured claim at all . . . . Thus, while it may be appropriate to determine the value of collateral—and, therefore, the *extent* to which a creditor's claim is secured—as of confirmation or the date of the valuation hearing, it is appropriate to determine if the creditor holds a secured claim at all as of the date the petition was filed."[8] And once the Court determines the nature of 21st Mortgage's claim, that claim must be paid the appropriate present value under either § 1325(a)(4) if unsecured or § 1325(a)(5)(B)(ii) if secured.

In practical terms, as Debtors' counsel noted in his opening statement, people take the possibility of stripping a junior mortgage lien in chapter 13 into account when deciding under what chapter of the Bankruptcy Code they should file. "Moreover, it would be illogical to determine whether the property is the debtor's principal residence for purposes of § 1322(b)(2) on the petition date, but to determine the value of the property (which may often be related to the use of the property) at a different date."[9] Valuation affecting junior lienholders would be a moving target if senior secured creditors' claims became oversecured postpetition and were therefore augmented under § 506(b). And as a result of § 1324(b)'s addition by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, chapter 13 plans are often confirmed in the District of Utah without a final determination of feasibility due to the timing of the confirmation hearing vis-à-vis the claims bar date. The Chapter 13 Trustee and this Court do require debtors seeking to value junior mortgage liens under § 506(a)(1) and Rule 3012 to at

---

[7] 508 U.S. 324 (1993).
[8] *Farthing*, 2005 WL 3481508 at *2.
[9] *Landry*, 479 B.R. at 8 n.7.

4

least begin the motion process prior to confirmation. But confirmation of the plan is not dependent on resolution of the matter even though, as in cases where plan payments must later increase to account for claims coming in unexpectedly high, subsequent modification of the confirmed plan may be necessary. Thus, in further distinction to *In re Hales*, it cannot easily be said that this Motion involves the valuation of 21st Mortgage's real property interest for "confirmation purposes."[10]

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the petition date is the appropriate date for valuing the interest of a junior mortgage lienholder for purposes of § 506(a)(1), § 1322(b)(2), and Rule 3012. As such, and given 21st Mortgage's concession that it was underwater as of the petition date in this case, the junior lien of 21st Mortgage is hereby determined to be wholly unsecured. Proof of claim #8 will be classified and treated as a general unsecured claim. And subject to 21st Mortgage's lien retention rights during this chapter 13 case, the junior lien will be extinguished and removed from the Midvale real property upon entry of an order granting the Debtors a discharge under § 1328. The Debtors are directed to prepare an appropriate order in accordance with this Memorandum Decision.

---------------------------------------------END OF DOCUMENT---------------------------------------------

---

[10] The Court notes that the Debtors waited an unnecessarily long time to file the Motion in this case. Similarly situated debtors should know whether they have a valid basis for a lien valuation motion as of the petition date or soon after, and a prompter filing in this case may have obviated the need for a contested hearing.

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jacob Lynn Garn
Stacie Rae Garn
251 East 7350 South
Midvale, UT  84047
    *Debtors*

Michael R. Lofgran
Steven M. Rogers
Huntsman, Lofgran & Associates
623 East Fort Union Blvd., Ste. 201
Salt Lake City, UT  84047
    *Counsel for Debtors*

J. Tyler Martin
Thomas Pollart & Miller LLC
5600 South Quebec Street, Suite 220-A
Greenwood Village, CO  80111
    *Counsel for 21st Mortgage Corporation*

Kevin R. Anderson
405 South Main Street, Suite 600
Salt Lake City, UT  84111
    *Chapter 13 Trustee*